IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Cammie W.[1],

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security
Administration,

    Defendant.

Civ. No. 6:17-CV-01561-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Cammie W. seeks judicial review of the Commissioner's decision denying her application for supplemental security income (SSI) and Disability Insurance benefits (DIB) under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Plaintiff filed an application for SSI on April 5, 2013, tr. 314[2], for DIB on June 21, 2013, tr. 349, alleging disability as of May 7, 2008, *id.* Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge (ALJ). After a hearing, the ALJ

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.
[2] "Tr." refers to the Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

determined Plaintiff was not disabled from May 7, 2008 through July 15, 2016. Tr. 79-80. The Appeals Counsel denied Plaintiff's request for review. Tr. 1-4. This appeal followed.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can make an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is

disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

At step one, the ALJ found Plaintiff was not engaged in substantially gainful activity. Tr. 73. At step two, the ALJ found Plaintiff suffered from severe impairments of schizophrenia paranoid type, depressive disorder not otherwise specified, and a history of alcohol abuse in remission. *Id.* At step three, the ALJ found that none of Plaintiff's impairments or combination of impairments met or medically equaled the criteria of a listing. Tr. 74-75.

Before step four, the ALJ assessed Plaintiff's RFC and determined Plaintiff could perform a full range of work with no exertional limitations. Tr. 75. However, the ALJ also determined Plaintiff's work should be limited to simple routine, slow-paced, and undetailed tasks with only occasional and indirect contact with coworkers and the public but no public interaction as a job duty. Tr. 75-76. The ALJ also limited Plaintiff to low stress work, with few changes to routine or work setting. Tr. 76. At step four, the ALJ found Plaintiff could not perform past relevant work. Tr. 78. At step five, the ALJ determined Plaintiff could perform the jobs of laundry worker, linen room attendant, and folder, all jobs that exist in significant numbers in the national economy. Tr. 79. The ALJ concluded plaintiff was not disabled. *Id.*

Plaintiff argues the ALJ erred in three ways. First, the ALJ failed to provide specific, clear and convincing reasons supported by substantial evidence in discounting Plaintiff's subjective limitations. Second, when formulating Plaintiff's RFC, the ALJ erred by failing to consider the opinions of three "other sources." Finally, the ALJ had a duty to further develop the record. I address each of Plaintiff's arguments in turn.

3 – OPINION AND ORDER

I.  **The ALJ provided specific, clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff less-than fully credible.**

The ALJ did not err in discounting the Plaintiff's statements as to the severity of her symptoms. Tr. 76-78. An ALJ must follow a two-step process to evaluate Plaintiff's symptoms. *See* SSR 16-3p. At step one, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. Tr. 76. At step two, the ALJ pointed to specific, clear and convincing reasons supported by substantial evidence in the record to discount Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms.

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, the ALJ pointed to multiple such inconsistencies. For instance, the ALJ noted that at the hearing Plaintiff reported her declining attention span was a main barrier preventing employment Tr. 76. Plaintiff testified that she was unable to work 40 hours per week, even in a simple and routine job with no public interaction "[b]ecause my attention span has greatly declined. . .. my attention span is gone." Tr. 151. The ALJ, however, specifically noted Plaintiff's attention and concentration had, outside of two discrete time periods, generally improved. Tr. 77 (citing to tr. 825, 827, 829). The ALJ also noted Plaintiff's symptoms stabilized when she used her medications consistently. Tr. 77. Finally, the ALJ considered an October 2012 evaluation by Barbara Stoner, M.S. in anticipation of Plaintiff attending community college. Tr. 1242. Plaintiff "received superior range scores on the three reading subtests . . . [and] demonstrates excellent decoding and comprehension ability. Her reading rate is also above average." Tr. 1245. Plaintiff was "attentive throughout this evaluation[.]" Tr. 1242.

The ALJ did not completely reject Plaintiff's testimony regarding her symptoms. Instead, the ALJ found Plaintiff capable of doing more than alleged. As noted, the ALJ limited Plaintiff

4 – OPINION AND ORDER

to work involving simple routine tasks, low stress, "and no fast paced production pace work, with few changes of work routing or setting." Tr. 75-76. The ALJ noted that although Plaintiff alleged disability as of 2008, the record contained no evidence of any mental health treatment before June 2011. Tr. 77. Although Plaintiff argues she lacked insurance, she received medical care in 2009 despite having no insurance. Tr. 673-78. Additionally, despite lacking insurance in 2013, Plaintiff received mental health treatment. Tr. 816-23.

The ALJ provided clear and convincing reasons for finding Plaintiff less-than fully credible as to the extent of her limitations. Although Plaintiff argues another interpretation of Plaintiff's limitations is reasonable, this is not a legitimate reason for overturning the ALJ's conclusions. *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996) ("If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner.").

II. **The ALJ reasonably weighed the "other" sources in the medical record and Plaintiff's residual functional capacity accounted for her mental limitations.**

Plaintiff argues the ALJ erred in failing to take account of the opinions of three "other sources:" Barbara Stoner, M.S., the learning disability specialist discussed above; Malia Deloherty-Dart, L.C.S.W., Plaintiff's treating counselor; and Dale Williams, L.P.C., Plaintiff's treating therapist. An ALJ may reject other source opinions if the ALJ provides germane reasons for doing so. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). If evidence exists to support more than one rational interpretation, the court is bound to uphold that interpretation. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014); *Batson*, 359 F.3d at 1193.

Contrary to Plaintiff's assertion, the ALJ considered Ms. Stoner's other source opinion when determining Plaintiff's RFC. Tr. 77. Ms. Stoner recommended two accommodations in the

event Plaintiff should pursue college coursework: extended time for examinations and a distraction free environment for taking exams. Tr. 1247-48. These recommendations are consistent with the ALJ's RFC finding. *See* tr. 75-76 (limiting Plaintiff to simple routine, slow-paced and "low stress work" with "occasional and indirect contact with the public and coworkers" and few changes of work routine or setting). As described above, Plaintiff tested above average on the reading tests and was attentive throughout Ms. Stoner's evaluation. Tr. 1242, 1245.

Second, Plaintiff asserts the ALJ erred in failing to account for Ms. Deloherty-Dart's opinion. In April 2013, Ms. Deloherty-Dart noted Plaintiff "struggles with significant crippling anxiety, [with] difficulty remaining in reality and health problems[.]" Tr. 822. Ms. Deloherty-Dart also considered Plaintiff "floridly psychotic at baseline." Tr. 812. Ms. Deloherty-Dart provided the above comments in progress notes. Although the ALJ did not discuss the above notations, the ALJ does not need to discuss every piece of evidence in the administrative record. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The ALJ need only explain why "significant probative evidence has been rejected." *Id.* The above statements do not contain any information about specific limitations but rather provide information as to Plaintiff's overall mental condition.

Additionally, in determining the Plaintiff's mental RFC, the ALJ considered other information from Ms. Deloherty-Dart's progress notes. Tr. 77, 805-808. These statements were used to support the effectiveness of Plaintiff's medication at "abat[ing]" her hallucinations, tr. 77, in the context of evaluating Plaintiff's abilities and limitations. The ALJ specifically noted Ms. Deloherty-Dart's made her observations during a time Plaintiff "decompensated with a brief psychotic episode during which she had increased paranoia and hallucinations in the context of

not eating and consuming highly caffeinated drinks when stressed due to familial issues." Tr. 77. In fact, six months after Ms. Deloherty-Dart's initial assessment, her progress report notes that while Plaintiff continued to suffer from paranoia regarding her neighbors, Plaintiff "continues to do well on the medications[.]" Tr. 805. The ALJ's evaluation of Ms. Deloherty-Dart's statements in the context of determining Plaintiff's RFC leads to the reasonable inference that although Plaintiff's symptoms waxed and waned, they generally stabilized with medication and treatment. As this is a rational interpretation of the admittedly complex symptomatology, the court is bound to uphold the ALJ's interpretation. *Garrison*, 759 F.3d at 1010; *Batson*, 359 F.3d at 1193.

Third, contrary to Plaintiff's assertion, the ALJ considered Mr. Williams's other source opinion. The ALJ noted in a paragraph that Mr. Williams's "certification of disability" is assigned no weight as it was for Plaintiff's housing. Tr. 77. A statement from a physician or other source that one is "disabled" or "unable to work" is not a medical opinion but rather an opinion on the ultimate determination of disability, which is an administrative finding reserved for the Commissioner. 20 C.F.R. § 404.1527(d)(1) (2017); *see also McLeod v. Astrue*, 640 F.3d 881, 884-85 (9th Cir. 2011) (treating physician's belief that claimant "could not work at all" is not binding on the ALJ).

III. **The ALJ fully and fairly developed the record.**

The ALJ had no duty to further develop the record in this case. The agency may order a consultative examination if there is difficulty acquiring evidence from treating sources. 20 C.F.R. §§ 404.1512(b)(2), 416.912(b)(2) (2017). An ALJ's duty to develop the record is triggered by the ALJ's own finding that the record is inadequate for proper evaluation of the evidence or by ambiguous evidence in the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Here, there was no difficulty in acquiring evidence from treating sources. The ALJ did not find the record inadequate, nor was the record's evidence ambiguous. Despite the ALJ finding Plaintiff has multiple limitations related to mental impairments, tr. 75-75, the record supports a finding that Plaintiff could still perform at least some work despite those limitations. Tr. 74-79, 172-81, 182-96, 205-13, 214-28, 846-855, 869, 886-87. There are voluminous records from acceptable medical sources supporting the ALJ's findings. *See* tr. 867-70, 885-86, 888-90, 1103, 1108, 1167, 1171, 1186-87, 1195-1200, 1230-32. The ALJ weighed this evidence and determined that Plaintiff's mental limitations resulted in moderate limitations. Tr. 75. The ALJ provided for those limitations in constructing the RFC. Tr. 75-76. The ALJ reasonably concluded that "the record as a whole . . . shows that while the claimant has had some periods of increased psychosis and some ongoing degree of paranoia and other depressive symptoms, she has largely remained stable once she engaged in and continued with appropriate treatment." Tr. 77.

## **CONCLUSION**

Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 22nd day of March, 2019.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge